JEREMIAH LARNED & another *vs.* THE COMMONWEALTH.

The *St.* of 1839, *c.* 31, by prescribing the same punishment for breaking and entering, in the night time, an office adjoining to a dwelling-house, with intent to steal therein, which was before prescribed, by Rev. Sts. *c.* 126, § 11, for breaking and entering, in the night time, an office not adjoining to a dwelling-house, with the like intent, has not made it necessary, in an indictment for breaking and entering an office in the night time, with intent to steal therein, to allege that the office was, or was not, adjoining to a dwelling-house.

When an indictment for breaking and entering a building, with intent to steal therein, is correctly framed, an additional charge, that the defendant committed a larceny therein, though defective, and such as would not, of itself, be a sufficient indictment for larceny, is no cause for reversing a judgment rendered on a general verdict of guilty.

THIS was a writ of error to reverse a judgment of the court of common pleas, rendered at May term 1844, in the county of Worcester, by which the plaintiffs in error were sentenced to confinement in the state prison.

The indictment, on which the plaintiffs in error were convicted, alleged that they, on the night of the 15th of August 1843, at Millbury in the county of Worcester, with force and arms, "the office of the president, directors and company of the Millbury Bank, a corporation duly and legally established there situate, feloniously and burglariously, did break and enter, with intent the goods, chattels and moneys of said corporation, in said office then and there being, then and there feloniously and burglariously to steal, take and carry away, and divers bank bills, amounting in the whole to the sum of seventeen thousand dollars, and of the value of seventeen thousand dollars, of the goods and chattels and moneys of said corporation, in the office aforesaid, then and there being found, then and there feloniously and burglariously did steal, take and carry away, in the office aforesaid, against the peace of the Commonwealth, and contrary to the form of the statute in such case made and provided."

The assignment of errors was as follows: "That the indictment, upon which said judgment was founded, is materially defective, in that it does not specify, in the words of the statutes, whether the office therein mentioned was adjoining,

or not adjoining, to a dwelling-house : That said indictment is materially defective, in that it does not specify either numbers, kind, or separate value, of the articles therein averred to have been stolen : That said judgment is generally erroneous and void."

*G. Bemis*, for the plaintiffs in error.

*S. D. Parker*, for the Commonwealth.

Dewey, J. 1. The plaintiffs in error insist that the judgment rendered against them ought to be reversed, because the indictment was defective in not alleging that the office, in which the burglary is stated to have been committed, was " adjoining to a dwelling-house," nor that it was " not adjoining to a dwelling-house." Some countenance was given to such an objection, in *Commonwealth* v. *Tuck*, 20 Pick. 356. But the later case of *Devoe* v. *The Commonwealth*, 3 Met. 316, more directly raised the point ; and the principles there settled are entirely decisive of this question, unless a change of the law has been subsequently made by *St.* 1839, *c.* 31. In *Devoe's case*, the form of the indictment was open to the same objection; but after a full argument and mature consideration, the court affirmed the judgment and sustained the indictment. But it is said that the *St.* of 1839, *c.* 31, has essentially changed the law on this subject, and created the necessity for this averment. If it has done so, it is by reason of a positive enactment prescribing the punishment for burglary in an office or shop " adjoining to a dwelling-house." The words of this statute are these: " Every person who shall break and enter, in the night time, any office, shop or warehouse, adjoining to, or occupied with, a dwelling-house with intent to commit the crime of murder, rape, robbery, larceny, or any other felony, shall be punished by imprisonment in the state prison not more than twenty years."

The general principle is, that where, by statute or statutes, there is a gradation of offences of the same species — as in the various degrees of punishment annexed to the offence of malicious burning of buildings, or in the various grades of the offence of larceny — it is not necessary to set forth a negative

allegation, alleging that the case is not embraced in some other section than that which, upon the evidence, may be found to apply in the case on trial, and by virtue of which the punishment is to be awarded.  This subject was much considered in the case of *Commonwealth* v. *Squire,* 1 Met. 258, and the principle was there fully stated.  If, therefore, certain acts are, by force of the statutes, made punishable with greater severity, when accompanied with certain aggravating circumstances, thus creating two grades of crime, it is no objection to an indictment, that it charges the acts which constitute the minor offence, unaccompanied by any averment that the aggravating circumstances did not exist.  In such cases, the offence charged is to be deemed the minor offence, and punishable as such.  The only difference between that class of cases and the present, is, that in the case before us we have two statutes, one punishing the offence of breaking, in the night time, into an office adjoining a dwelling-house, and another that of breaking, in the night time, into an office not adjoining a dwelling-house, both imposing a similar punishment.   *St.* 1839, *c.* 31, and Rev. Sts. *c.* 126, § 11.

It was said in argument, that when the punishment prescribed for different offences differs, the omission to allege the aggravating circumstances shows the offence charged to be the minor offence, and thus renders it certain for which the party is to be put on his trial ; but when both offences are punishable alike, then an indictment in the form of the present one leaves it uncertain as to which of the offences the party is to be put on trial.

If, by force of a single statute, it had been provided that burglariously entering an office, either adjoining to a dwelling-house or not thus adjoining, should be punished by imprisonment for a term of years, I apprehend no objection would be urged, that an indictment was defective in not specifying whether the office was or was not adjoining to a dwelling-house.   Can it make any material difference, that the legislature has established the same provision by the combined effect of the two different statutes enacted at different

times, but both in full force? If the offence is in truth the same, and the punishment the same, whether the one or the other state of facts existed, how is it material to specify the one, and exclude the other, by particular averments? It can be required to be stated, upon no good reason, unless it be for the purpose of enabling the party accused to restrict the government's evidence, and thus increase his chance of an acquittal. If the office be alleged to be adjoining to a dwelling-house, and it is not, and that is a material allegation, the defendant would be acquitted; and so if the allegation be, that the office was not adjoining to a dwelling-house, and the fact be, upon a strict legal construction, that it does adjoin a dwelling-house, then an acquittal also follows. We are not satisfied that the law gives the party accused the right to the possible advantage that might accrue to him from a variance, if the indictment was required to be thus particular. It is not necessary to indicate, in an indictment, the particular statute declaring and punishing the offence upon which the party is to be tried. But we do not perceive why the defendant, in every case, may not equally insist, where there is a gradation of offences created by statute, that the indictment for the smaller offence shall negative the aggravating circumstances, and that such negative allegation shall be deemed a material averment, and, if upon the trial it shall appear that the offence was committed with the aggravating circumstances, demand an acquittal, upon the ground that the offence is not properly set forth in the indictment. We know very well that the practice has been to omit the allegation of the aggravating circumstances, whenever, from doubts as to the evidence, the prosecuting officer deems it expedient to do so.

I am aware that the case of *The King* v. *Marshall,* 1 Mood. Cr. Cases, 158, would seem directly to sanction the position taken for the plaintiffs in error in the present case. But that case is at variance with our practice in this respect, and with the principles we have recognized in reference to the statutes creating a gradation of offences. The doctrine of

our court is, as already suggested, that it is not necessary to refer to the particular statute upon which the indictment is founded. This was directly adjudged in *Commonwealth* v. *Griffin*, 21 Pick. 523. The question arose upon an indictment under Rev. Sts. c. 127, § 15. That section made the having of ten or more pieces of counterfeit coin in possession, with intent to pass the same as true, a criminal offence, and prescribed the punishment therefor. The sixteenth section of the same chapter made the having of less than ten pieces of counterfeit coin in possession, with intent to pass the same as true, a criminal offence, and prescribed the punishment therefor. Upon the trial of a case arising under the statute, the jury found the defendant guilty of having in his possession a number of pieces, less than ten, of counterfeit coin, with intent to pass the same as true ; and it was contended that such finding did not support the indictment ; the offence charged being under § 15, and the offence proved being under § 16. There, as here, the argument was, that the party has a right to have his offence distinctly set forth. But it was held, that it was not necessary, in the indictment, to indicate the particular section, or the particular statute, upon which it is founded; that if the facts alleged in the indictment, and found by the verdict, show that the act done was a crime punishable by statute, it is sufficient to warrant the court in rendering a judgment. This objection to the indictment cannot therefore avail the plaintiffs in error.

2. It is then contended that this judgment ought to be reversed, because the indictment is imperfect in not setting forth, with technical accuracy, the offence of larceny which is alleged to have been committed in connexion with the act of breaking and entering the office. To this objection it is a sufficient answer, that the charge of an actual larceny is not necessary to constitute the principal offence, namely, the burglary ; that the mere intent to commit larceny would be sufficient ; that the further allegation of an actual larceny was only to be taken in aid of the charge of the intent; and that, if a conviction ensued, the punishment would be for th

burglary, and not a distinct sentence for the larceny. The case of *Commonwealth* v. *Hope,* 22 Pick. 1, is directly to this point. See also *Josslyn* v. *The Commonwealth,* 6 Met. 236. In reference to the burglary, the specific charge of an actual larceny was surplusage, and if informally set forth, and wholly defective, there would still remain sufficient to sustain the conviction and judgment thereon.

It is then said that the specific charge of an actual larceny being found in the indictment, and a general verdict of guilty, and sentence thereon, the plaintiffs in error have been punished for the larceny, and that the indictment ought, therefore, to have been so framed as to enable them to plead this conviction in bar of a subsequent prosecution for the larceny. To this it may be replied, that such objection of informality to an indictment upon which a sentence had been passed, would be no objection to setting up such former conviction in bar. *Commonwealth* v. *Loud,* 3 Met. 328.

In this view of the case, it becomes unnecessary to consider particularly the point, whether a larceny was technically charged here, or whether, if this had been the offence charged in the indictment, it would, for the cause assigned, have been held defective in form. The allegation as to the larceny is, "and divers bank bills, amounting in the whole to the sum of seventeen thousand dollars, and of the value of seventeen thousand dollars, of the goods, chattels and moneys of said corporation, in the office aforesaid," &c. The objection is taken to the want of particularity in the statement of the number of bank bills, their denomination, &c. For the rea sons already stated, we are not called upon to decide this question. But we incline to admit great latitude in the description of property of this nature, and in a larceny of this extent, and under such circumstances as the present. It would clearly have been sufficient to state any number of bank bills, however large; and the party could not object to a variance of the proof. It would really be of no practical benefit to a defendant to have the number of bills inserted, although it must be conceded to be more in accordance with

approved forms. Bank bills are, by the very terms of the statute, made the subject of larceny. When they are described as bank bills, and their value stated, the party has all the substantial information he can acquire by the further statement of the number of bills alleged to be stolen. In relation to the silver coin, the practice has long prevailed, to describe the property as sundry pieces of silver coin, amounting together to —— dollars, and of the value of —— dollars. We are not prepared to say, that if this were a case of larceny, we should feel bound to reverse the judgment for this cause

*Judgment affirmed.*